IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 18-43 |
| v. | ) |
| | ) Judge Cathy Bissoon |
| JOHNNY LEE JONES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Johnny Lee Jones's ("Defendant's") *pro se* Motion Requesting a Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ("Motion," Doc. 64), filed on June 8, 2020. The Government filed a Response, (Doc. 65), counsel for Defendant filed a Supplement, (Doc. 69), and the Government filed a Reply, (Doc. 70). After consideration of all the relevant briefing, Defendant's Motion will be granted.

**A.    BACKGROUND**

In his Motion, Defendant indicates that his life-long, chronic heart conditions—which make him susceptible to significant complications if infected with COVID-19—are "extraordinary and compelling" reasons for a reduction in sentence. (Motion at 2; Ex. C (medical records).). The Government, in its Response, agrees. (Response at 4 ("[I]n the context of the COVID-19 pandemic, the Government agrees that the defendant has a 'serious physical or medical condition' that 'substantially diminishes' the defendant's ability 'to provide self-care within the environment of a correctional facility' during the pandemic, and is therefore an

'extraordinary and compelling reason' for release under 18 U.S.C. § 3582(c)(1)(A)(i).")[1] However, it contends that release is inappropriate because Defendant remains a danger to society and the factors listed in 18 U.S.C. § 3553(a) ("3553 Factors") do not support a reduction. (Response at 4–5.)

In Defendant's counseled Supplement, he responds to the Government and elaborates on the arguments in support of his Motion. Defendant points out that his "release date before halfway house time is December 8, 2021," and that if he completed the RDAP Program he is enrolled in, he would be eligible for release in December 2020. (Supplement at 2; Motion at 1 n.1.) Defendant points out the Government's concession that his medical conditions are an extraordinary and compelling reason under the statute. (Supplement at 9.) He argues, however, that the Government's concession notwithstanding, this Court may exercise its discretion under the "catch-all" provision[2] of Application Note 1 to Guideline Section 1B1.13 to grant Defendant's Motion, consistent with the reasoning of other recent district court decisions since the passage of the First Step Act. (Supplement at 4–7.)

With respect to the 3553 Factors and whether he is a danger to the community, Defendant argues he has a limited criminal history—he had only two criminal history points at sentencing. (Supplement at 16–17; Doc. 46.) Defendant was placed on bond after his initial appearance without any issues during the pendency of his case; he self-reported to serve his term in custody

---

[1] The quoted language in the Government's Response comes from the subdivision (A) of Application Note 1 to Section 1B1.13 of the United States Sentencing Guidelines ("Guidelines"). The Government urges the Court to "continue to rely upon the Application Note's guidance" in evaluating whether Defendant has presented "extraordinary and compelling circumstances for a sentence reduction." (Response at 3 n.1.)

[2] Subsection 1(D) of Application Note 1 provides: "[E]xtraordinary and compelling reasons exist under any of the circumstances set for below," including "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

2

without incident. (Supplement at 2.) He states he has skills as a barber and intends to resume working at that occupation upon release, and that he will reside with his mother.[3] (Supplement at 15–16.) While incarcerated, Defendant has no disciplinary infractions. (Id. at 16; see also Doc. 69-1 (BOP disciplinary record).)

The Government devotes all of its Reply to rebutting Defendant's argument that the Court may find "other reasons" under Subsection 1(D) of Application Note 1 to Guideline Section 1B1.13 to grant Defendant's Motion. Rather, the Government argues Section 1B1.13 is not outdated in light of the changes made to compassionate release procedures by the First Step Act, and that the undersigned must follow the Section 1B1.13 "as it stands." (Reply at 1–2.)

**B.     ANALYSIS**

Recent changes to 18 U.S.C. § 3582(c)(1)(A)(i) allow a defendant to bring a motion for his own release after exhaustion of administrative remedies with the Bureau of Prisons ("BOP"). Defendant attached the denial by BOP to his Motion, (Doc. 64-1), and the Government conceded that this Court has jurisdiction and may consider the merits of Defendant's properly brought Motion. (Response at 2.)

The starting place for this consideration is the text of the statute, which provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

---

[3] The Court notes a letter of support from Defendant's mother attached to his Motion, (Doc. 64-2), and that she previously wrote to the Court on her son's behalf in April of this year, (Doc. 41).

18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction also must be consistent with the applicable policy statements issued by the Sentencing Commission, 18 U.S.C. § 3582(c)(1)(A), which in this case is arguably Section 1B1.13 of the Guidelines.

Defendant's heart conditions are an extraordinary and compelling reason for reduction in sentence under both the statute and Section 1B1.13 "as it stands."  As Defendant points out in his Supplement, the Government acknowledged as much its Response.  (Response at 4.)  Contrary to the Governments arguments in its Reply, the Court need not consider the "catch-all" provision of Section 1B1.13's first Application Note when evaluating Defendant's medical condition: the Government conceded that his heart conditions are sufficient under the specific reason identified in Application Note 1 at subdivision 1(A)(ii)(I). (Response at 4.)

This concession notwithstanding, the Court also agrees with the Defendant that, consistent with the amendments made by the First Step Act, it may find "other reasons" sufficient under Subsection 1(D) of Application Note 1.  Though the Government argues against the reasoning of other district courts—including at least two in this District—that courts are not constrained by the Application Note's outdated text, the Court is persuaded by their reasoning. See, e.g., United States v. Rodriguez, 2020 WL 1627331, at *3–6 (E.D. Pa. Apr. 1, 2020) (concluding, as have the "majority of district courts" to consider the issue, that the "old policy statement provides helpful guidance but does not constrain a court's independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction"); United States v. Somerville, 2020 WL 2781585, at *6–7 (W.D. Pa. May 29, 2020) (Ranjan, J.) (finding the limitation in subdivision (D) to determinations made by the BOP is a "'relic of the prior procedure that is inconsistent with the amendments implemented by the First Step Act'") (quoting United States v. Young, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 17, 2020));

see also United States v. Smith, Crim. No. 15-44, Doc. 125, at 4 (W.D. Pa. June 26, 2020) (Ambrose, J.) (finding the reasoning in Rodriguez persuasive).

As Defendant has shown an extraordinary and compelling reason for a reduction in sentence, the Court moves to consideration of whether Defendant is a danger to the community and, if he is not, to the 3553 Factors to determine the appropriate reduction.

On this first point, the Government's arguments about Defendant's danger to the community cannot be credited. After Defendant was ordered released on bond, the Government did not appeal. (Doc. 35.) He was compliant with all conditions and allowed to self-surrender for sentence. (Supplement at 2.) While he has been incarcerated, he has no disciplinary infractions and has engaged in rehabilitative efforts, including participation in RDAP. United States v. Smith, Crim. No. 15-44, Doc. 125, at 5–6 (noting RDAP participants are less likely to recidivate); see also United States v. Ladson, 2020 WL 3412574, at *8 (E.D. Pa. June 22, 2020) ("We consider the inmate's participation in prison programming in tandem with the inmate's disciplinary record."). Defendant's mother is supportive of him and will allow him to live with her upon release, assisting with his re-entry. The Court concludes Defendant is not a danger to the community.

On the second point, the 3553 Factors support Defendant's request for a reduction in sentence to time-served. While Defendant's crime of conviction was a serious one—he possessed nearly a kilogram of cocaine—if "generalized (albeit legitimate) concerns about the dangers of guns and drugs were enough to bar compassionate release, almost no one would be eligible." Somerville, 2020 WL 2781585, at *12. Defendant did not, however, possess a gun, and the cocaine was recovered during a traffic stop, not during a drug transaction. (Doc. 46 at 5.) Critically, Defendant has served a significant portion of this sentence, and, if he were to be able

to complete the RDAP program in which he was enrolled, he would have only a very short time left in custody. (Supplement at 2); see also United States v. Pawlowski, 2020 WL 4281503, at *2 (3d Cir. June 26, 2020) ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether immediate release would be consistent with those factors."). Further, a reduction to time-served results in a sentence which still promotes respect for the law and is consistent with the Court's duty to protect the public from further crimes. All in all, at this juncture, the Court finds that a reduction to time-served results in a sentence sufficient but not greater than necessary to accomplish the goals of punishment, deterrence and protection of the public.

* * * *

## II.  ORDER

Defendant's Motion Requesting a Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. 64), is **GRANTED**.  Defendant's previously imposed sentence of imprisonment of 60 months is **REDUCED** to time-served.  Defendant shall be released as soon as is practicable,[4] but no later than 14 days from the date of this Order.  Defendant's previously imposed supervised release term, as noted in the Judgment dated September 7, 2018, (Doc. 57), remains unchanged, though the Court encourages the Probation Office to assess Defendant's substance abuse treatment and/or programming needs as soon possible. An Amended Judgment will follow.

    IT IS SO ORDERED.

July 31, 2020                                                                         s\Cathy Bissoon
                                                                                  Cathy Bissoon
                                                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[4] The Court expects—consistent with the Government's Response—that Defendant shall be promptly tested for the virus (and be released immediately if his test is negative) or shall begin a 14-day quarantine immediately upon receipt of this Order.  (Response at 6.)